UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------X   Case No.: 21-cv-4856

GARY GILLARD,

                                  Plaintiff,                            COMPLAINT

   -against-

                                                                             PLAINTIFF DEMANDS

KAR AUCTION SERVICES, INC., and ADESA, INC.,      A TRIAL BY JURY

                                  Defendants.

------------------------------------------------------------------X

Plaintiff, GARY GILLARD, by his attorneys, PHILLIPS & ASSOCIATES, ATTORNEYS AT LAW, PLLC, hereby complains of the Defendants, upon information and belief, as follows:

## NATURE OF THE CASE

1. Plaintiff complains pursuant to **Title VII of the Civil Rights Act of 1964**, as amended, 42 U.S.C. § 2000e et. seq. ("Title VII"), **42 U.S.C.** § 1981, the **New York State Human Rights Law**, (NYS Executive Law § 296, et seq.) ("NYSHRL"), "); the race discrimination provisions of the **Suffolk County Human Rights Law**, Suffolk County Administrative Code § 528 *et seq.* ("SCHRL") and seeks damages to redress the injuries Plaintiff has suffered as a result of being discriminated against and retaliated against and being subjected to a racially hostile work environment by his employer solely due to his race (Hispanic) and national origin (Puerto Rican).

## JURISDICTION AND VENUE

2. Jurisdiction of this Court is proper under 42 U.S.C. §2000e-5(f)(3), and 28 U.S.C. §§1331 and 1343.

3. The Court has supplemental jurisdiction over the claims of Plaintiff brought under state law pursuant to 28 U.S.C. §1367.

4. Venue is proper in this district in that a substantial part of the events or omissions giving rise to the claim occurred within the Eastern District of the State of New York. 28 U.S.C. § 1391(b).

## PROCEDURAL PREREQUISITES

5. Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") upon which this Complaint is based.

6. Plaintiff received a Notice of Right to Sue from the EEOC dated August 12, 2021 with respect to the instant charges of discrimination. A copy of the Notice is annexed to this Complaint.

7. This action is being commenced within 90 days of receipt of the Notice of Right to Sue.

## PARTIES

8. At all relevant times, Plaintiff is a resident of the State of New York, Suffolk County.

9. At all relevant times, Defendant KAR AUCTION SERVICES, INC., ("KAR AUCTION"), is a foreign for-profit corporation, incorporated in the State of Delaware with a principal

place of address located at 11299 North Illinois Street, Carmel, Indiana 46032.

10. At all relevant times, Defendant ADESA, INC., ("ADESA"), is a foreign business corporation and a subsidiary of Defendant KAR AUCTION.

11. At all relevant times, Defendants KAR AUCTION and ADESA "employ" fifteen or more "employees," and are thus "employers" within the meaning of Title VII, Section 1981, and the NYSHRL.

12. At all relevant times herein, Defendants KAR AUCTION and ADESA were Plaintiff's joint employers. As such, there are commonalities of hiring, firing, discipline, pay, insurance, records, and supervision.

13. Defendant KAR AUCTION and Defendant ADESA are collectively referred to herein as "Defendants."

14. At all relevant times, Defendants provides wholesale vehicle auction solutions to professional car buyers and sellers and operates a mechanical auto shop storefront located at 78 Horseblock Road, Yaphank, New York 11980 ("Yaphank Store").

15. At all relevant times, Defendants "employed" Plaintiff within the meaning of Title VII, 42 U.S.C. § 1981, and the NYSHRL.

16. At all relevant times, Plaintiff was and is a "person" and an "employee" entitled to protection as defined by state and federal laws.

17. At all relevant times, Plaintiff was an employee of Defendants.

## FACTUAL ALLEGATIONS

18. On or about August 20, 2012, Plaintiff began working for Defendants as a mechanic earning $18.00 per hour.

19. Throughout Plaintiff's eight years of employment with Defendants, Plaintiff was well qualified for his position as a mechanic and was an above satisfactory employee that performed his duties without any performance issues.

20. Throughout Plaintiff's employment with Defendants, Plaintiff was the only person of color employed in his department.

21. From the beginning of his employment and throughout his employment with Defendants, Plaintiff was continuously subjected to a hostile work environment filled with racial slurs in reference to his race and/or national origin.

22. Defendants regularly subjected Plaintiff to degrading racial verbal abuse on account of Plaintiff's Puerto Rican national origin.

23. For example, Plaintiff was frequently called "nigger" and "spic" by his colleagues.

24. On numerous occasions, Plaintiff's colleagues joked and made negative inferences about Mexicans that were intentionally made to target Plaintiff's national origin, although Plaintiff is Puerto Rican and not Mexican.

25. For example, Plaintiff's colleagues stated, in sum and substance, Plaintiff "should get a job building Trump's wall so that he can become a citizen." Plaintiff's colleagues also said he was like a "Mexican jumping bean," in reference to him having many children. Moreover,

Plaintiff's colleagues left such items as hot sauce and a sombrero in and around Plaintiff's workstation.

26. These racial slurs, comments, and discriminatory conduct created a hostile work environment for Plaintiff.

27. Plaintiff verbally reported the hostile work environment to his supervisor and the security team on a number of occasions. However, no formal investigation or disciplinary action was ever taken in response.

28. In or around May 2018, Plaintiff verbally reported the hostile work environment anonymously to Defendants' Human Resources department ("HR") over the phone. Upon information and belief, HR initiated an investigation. It became obvious that it was Plaintiff who reported the racially hostile work environment as he was the only person of color in his department.

29. HR ultimately had everyone sign a letter attesting that they would respect one another. Neither HR nor management took any other action in response to Plaintiff's complaint.

30. Plaintiff then began experiencing retaliation for making a report of discriminatory hostile work environment.

31. For example, Plaintiff's work was scrutinized, certain privileges were taken away and Plaintiff's personal items, such as money and tools, were removed from his toolbox.

32. Moreover, Plaintiff's colleagues left a dead rat on top of Plaintiff's workstation, following his complaint to HR, indicating that Plaintiff was a "rat" for filing said complaint.

33. Plaintiff further alleges that he was unfairly disciplined for misconduct for which white employees were not given the same discipline.

34. For example, Plaintiff's work was overly criticized and on one occasion, Plaintiff was issued a negative write-up.

35. Plaintiff was also subjected to disparate treatment.

36. For example, Plaintiff has ten years of experience as a mechanic, including eight years with Defendants. Plaintiff applied for and was denied multiple promotions, raises, and career advancement opportunities while similarly situated, but less senior and less qualified, white employees were granted such promotions and opportunities.

37. Plaintiff's denial of raises and promotion opportunities was in retaliation for reporting the discriminatory hostile work environment.

38. In addition, even after his complaint of discrimination, Plaintiff's colleagues continued to regularly make discriminatory remarks to him about being "Mexican" and calling him "nigger" and "spic." These comments continued throughout Plaintiff's employment with Defendants.

39. In or about March 2020, Plaintiff was furloughed in connection with the global pandemic crisis.

40. In or about August 2020, when Defendants re-opened, Defendants terminated Plaintiff's employment. Defendants stated Plaintiff's termination was due to the company downsizing.

41. However, Defendants reinstated all the white employees in Plaintiff's department and, upon information and belief, filled Plaintiff's position with a white employee.

42. Plaintiff reasonably believes the reason given for his employment termination was a pretext for retaliation against Plaintiff for reporting Defendants' discrimination based on his national origin and race.

43. Throughout Plaintiff's employment, he felt continuously targeted and singled out on the basis of his race (Hispanic) and his national origin (Puerto Rican).

44. Defendants' harassment was sufficiently severe and/ or pervasive to alter the conditions of Plaintiff's employment and created an abusive working environment.

45. Upon information and belief, Defendants' management, including Plaintiff's immediate supervisor, Joe (hereinafter "Joe"), were aware of the racially discriminatory and hostile work environment. Joe, despite his duty to report the racial discrimination and hostile work environment to the appropriate authority, failed to do so. Moreover, no formal investigation or disciplinary action was taken by Defendants and Joe in response.

46. Defendants' harassment was sufficiently severe and/ or pervasive to alter the conditions of the Plaintiff's employment and created an abusive working environment.

47. Defendants' hostile conduct occurred because of Plaintiff's protected characteristic – race and national origin.

48. As a result of the hostile work environment and harassment created and perpetuated by the Defendants, Plaintiff suffered and continues to suffer emotional distress.

49. Defendants' actions and conduct were intentional and intended to harm Plaintiff.

50. As Defendants' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law, Plaintiff demands Punitive Damages as against the Defendants.

51. As a result of Defendants' actions, Plaintiff felt humiliated, degraded, victimized, embarrassed and emotionally distressed.

52. As a result of the Defendants' discriminatory and intolerable treatment of Plaintiff, he suffered severe emotional distress.

53. As a result of the acts and conduct complained of herein, Plaintiff has suffered, and will continue to suffer, the loss of income, the loss of salary, bonuses, benefits and other damages, and Plaintiff has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

## FIRST CAUSE OF ACTION
*Discrimination in Violation of Title VII*

54. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

55. <u>Title VII of the Civil Rights Act of 1964</u>, as amended <u>42 U.S.C.</u> § 2000e-2(a)(1), states in relevant part:

> It shall be an unlawful employment practice for an employer to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to their compensation, terms, conditions, or privileges of employment, because of such individual's **race**, color, religion, sex, or **national origin**[.]

56. As described above, Defendants discriminated against Plaintiff on the basis of his race and national origin, in violation of Title VII, by creating, fostering, condoning, accepting, ratifying, and/or negligently failing to prevent or remedy a hostile work environment that included, among other things, severe or pervasive harassment of Plaintiff.

57. The unlawful discriminatory actions of Defendants constitute malicious, willful, and wanton violations of Title VII, for which Plaintiff is entitled to the maximum amount allowed under this statute/law.

## SECOND CAUSE OF ACTION

*Retaliation in Violation of Title VII*

58. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

59. Title VII of the Civil Rights Act of 1964, *as amended*, 42 U.S.C. §2000e-3(a) provides that it shall be unlawful employment practice for an employer:

> [T]o . . . discriminate against any of his employees . . . because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under this subchapter.

60. As described above, Plaintiff engaged in protected activities, including making internal complaints regarding Defendants' discrimination based on Plaintiff's national origin and race.

61. As described above, after Plaintiff engaged in activity protected by Title VII, Defendants took adverse actions against Plaintiff by, *inter alia*, terminating his employment, that would dissuade a reasonable employee from making or supporting a similar complaint of discrimination.

62. The unlawful discriminatory actions of Defendants constitute malicious, willful, and wanton violations of Title VII, for which Plaintiff is entitled to the maximum amount allowed under this statute/law.

### THIRD CAUSE OF ACTION

*Race Discrimination in Violation of Section 1981*

63. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

64. 42 U.S.C. § 1981 states in relevant part as follows:

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

65. Defendants engaged in unlawful employment practices prohibited by 42 U.S.C. § 1981, by discriminating against Plaintiff because of his race and national origin.

66. Plaintiff was subjected to negative disparate treatment, discrimination, humiliation, embarrassment, adverse employment actions and loss of employment due to his race and

national origin.

67. Plaintiff is entitled to the maximum amount allowed under this statute/law.

## FOURTH CAUSE OF ACTION

*Retaliation in Violation of Section 1981*

68. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

69. By the acts and practices described above, Defendants retaliated against Plaintiff for his opposition to unlawful discrimination under 42 U.S.C. §1981.

70. Defendants acted with malice and/or reckless indifference to Plaintiff statutorily protected rights.

71. Plaintiff is entitled to the maximum amount of damages allowed under this statute.

## FIFTH CAUSE OF ACTION

*Discrimination in Violation of the NYSHRL*

72. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

73. New York State Executive Law §296(1)(a) provides that:

> It shall be an unlawful discriminatory practice: For an employer or licensing agency, because of an individual's age, **race**, creed, color, **national origin**, sexual orientation, military status, sex, disability, predisposing genetic characteristics, marital status, or domestic violence victim status, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate

against such individual in compensation or in terms, conditions or privileges of employment.

74. As described above, Defendants discriminated against Plaintiff on the basis of his national origin and race, in violation of NYSHRL, by creating, fostering, condoning, accepting, ratifying, and/or negligently failing to prevent or remedy a hostile work environment that included, among other things, harassment based on Plaintiff's race and national origin.

75. As a result of Defendants' unlawful discriminatory conduct in violation of the NYSHRL, Plaintiff has suffered, and continues to suffer, economic loss, for which he is entitled to an award of monetary damages and other relief.

76. Plaintiff is entitled to the maximum amount of damages allowed under this statute.

## SIXTH CAUSE OF ACTION

*Retaliation in Violation of the NYSHRL*

77. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

78. New York State Executive Law § 296(7) provides that:

> It shall be an unlawful discriminatory practice for any person engaged in any activity to which this section applies to retaliate or discriminate against any person because he or she has opposed any practices forbidden under this article or because he or she filed a complaint, testified, or assisted in any proceeding under this article.

79. As described above, after Plaintiff engaged in activity protected by the NYSHRL, Defendants' took adverse actions against Plaintiff that would dissuade a reasonable employee from making or supporting a similar complaint of discrimination.

80. Defendants violated this section as set forth herein.

81. Plaintiff is entitled to the maximum amount allowed under this statute/law.

### SEVENTH CAUSE OF ACTION
*Discrimination in Violation of the SCHRL*

82. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

83. The Regulatory Local Laws of Suffolk County § 528-7(A)(1) provides that

    It shall be an unlawful discriminatory practice: For an employer to refuse to hire or employ or to bar or to discharge from employment or to discriminate against any individual in promotion, compensation or in terms, conditions or privileges of employment because of such individual's group identity or status as a victim of domestic violence.

84. The Suffolk County Regulatory Local Laws §528-6 defines group identity as

    "[t]he actual or perceived **race**, color, creed, age, **national origin**, alienage or citizenship status, gender, sexual orientation, disability, marital status, or familial status of any individual, as well as the actual military status of any individual." (Emphasis added.)

85. As described above, Defendant discriminated against Plaintiff on the basis of his race and national origin in violation of the SCHRL, by, and including but not limited to, the hostile work environment he was subjected to.

86. As a result of Defendant's unlawful discriminatory conduct in violation of the SCHRL, Plaintiff has suffered, and continues to suffer, economic loss, for which he is entitled to an award of monetary damages and other relief.

87. As a result of Defendant's unlawful discriminatory conduct in violation of the SCHRL, Plaintiff has suffered, and continues to suffer, mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which he is entitled to an award of monetary damages and other relief.

### EIGHTH CAUSE OF ACTION
*Retaliation in Violation of the SCHRL*

88. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

89. The Suffolk County Regulatory Local Laws § 528-12(B) provides that it shall be an unlawful discriminatory practice for an employer "to retaliate or discriminate against any individual because he or she has opposed any practice forbidden under this article…."

90. As described above, Plaintiff engaged in protected activities, including making internal complaints regarding Defendant's discrimination on the basis of Plaintiff's race and national origin.

91. As described above, after Plaintiff engaged in activity protected by the SCHRL, Defendant's took adverse actions against Plaintiff by, *inter alia*, denying promotions, making derogatory comments, scrutinizing his work that would dissuade a reasonable employee from making or supporting a similar complaint of discrimination.

92. As a result of Defendant's retaliatory conduct in violation of the SCHRL, Plaintiff has suffered, and continues to suffer, pecuniary losses, severe mental anguish and emotional distress, including, but not limited to depression, humiliation, embarrassment, stress and

anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which he is entitled to an award of monetary damages, as well as past and future lost wages and benefits and other compensatory damages, and other relief.

## JURY DEMAND

93. Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury on all claims in this action.

**WHEREFORE**, Plaintiff respectfully requests a judgment against Defendants:

A. Declaring that Defendants engaged in unlawful employment practices prohibited by Title VII, Section 1981, NYSHRL, and the SCHRL in that Defendants discriminated against Plaintiff on the basis of his national origin/race and terminating Plaintiff's employment for engaging in protected activity in retaliation;

B. Awarding damages to Plaintiff for all lost wages and benefits resulting from Defendants' unlawful harassment, discrimination, retaliation, and conduct and to otherwise make Plaintiff whole for any losses suffered because of such unlawful employment practices;

C. Awarding Plaintiff compensatory damages for mental and emotional injury, distress, pain, suffering, and injury to Plaintiff's reputation in an amount to be proven;

D. Awarding Plaintiff damages for loss of income, the loss of a salary, bonus, benefits, and other compensation, which such employment entails;

E. Awarding Plaintiff punitive damages;

F. Awarding Plaintiff liquidated damages;

G. Awarding Plaintiff prejudgment interest;

H. Awarding Plaintiff attorneys' fees, costs, and expenses incurred in the prosecution of the action; and

I. Awarding Plaintiff such other and further relief as the Court may deem equitable, just, and proper to remedy Defendant's unlawful employment practices.

Dated: New York, New York
August 23, 2021

          **PHILLIPS & ASSOCIATES,**
          **ATTORNEYS AT LAW, PLLC**

By: _____
     Darnisha Lewis-Bonilla, Esq.
     *Attorneys for Plaintiff*
     585 Stewart Avenue, Suite 410
     Garden City, NY 11530
     (212) 248-7431
     dlewis-bonilla@tpglaws.com